IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs September 29, 2020

**STATE OF TENNESSEE v. BRODIE BOWERY**

**Appeal from the Criminal Court for Sullivan County**
**No. S67713   James F. Goodwin, Jr., Judge**

_____

**No. E2019-01645-CCA-R3-CD**

_____

Brodie Bowery, Defendant, admitted that he violated the conditions of his probation, and the trial court fully revoked his probation and ordered him to serve the balance of his sentence in confinement. Finding no abuse of discretion, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which and ROBERT H. MONTGOMERY, JR. and TIMOTHY L. EASTER JJ., joined.

Andrew J. Gibbons, District Public Defender, and Wesley A. Mink, Assistant District Public Defender, for the appellant, Brodie Bowery.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Senior Assistant Attorney General; Barry P. Staubus, District Attorney General; and William B. Harper, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual and Procedural Background**

Defendant was indicted for aggravated sexual exploitation of a minor. On November 17, 2017, he pled to attempt to commit sexual exploitation of a minor and was sentenced, pursuant to a plea agreement, as a Range I Standard Offender to six years to be served on split confinement of one year in the county jail followed by supervised probation for five years. A probation violation warrant was issued on May 29, 2019. At the revocation hearing, Defendant entered a no contest plea of guilty to the violation

warrant and stipulated that the trial court could consider the facts set forth in the warrant as a basis for the finding of a violation.

The affidavit to the violation report stated:

Violation of Rule #1: "I will obey the laws of the United States, or any State in which I may be, as well as any municipal ordinances." To wit: On or about 5/24/2019, [D]efendant was charged with Obstruction of Justice, Resisting Arrest, and Fail[ing] [t]o Stop [f]or Police in Scott County, Virginia. Violation of Rule #5: "I will inform my Probation Officer before changing my residence or employment. I will get permission of my Probation Officer before leaving the state. I will when away from my residence, have on my person my probation identification card and will present it to the proper authorities. If I misplace my probation identification card I will immediately notify my Probation Officer." To wit: Count 1: On or about 5/24/2019, [D]efendant left the State of Tennessee without permission by going to Duffield, Scott County, Virginia. Count 2: On or about 05/29/2019, [D]efendant failed to follow lawful instructions by establishing contact with another sex offender, David Whitson, after being instructed to have no contact with Mr. Whitson due to hi[s] having an active warrant.

Defendant called Teresa Hall as a witness. Ms. Hall testified that she was worried about her grandson, D.J. Whitson, due to his eroding mental health. She said that Mr. Whitson, who was on probation, cut off his GPS ankle bracelet and fled. She located Mr. Whitson at a campground in Clinch River, Virginia. She asked Defendant, who was a friend of Mr. Whitson, to go to the campground and get Mr. Whitson and take him to Holston Valley Hospital.

On cross-examination, Ms. Hall denied knowing that Defendant had been specifically instructed by his probation officer not to have any contact with Mr. Whitson.

The State called Dustin Long, Defendant's probation officer. Officer Long testified that, after Mr. Whitson cut off his ankle bracelet and fled, he learned that Defendant had been having contact with Mr. Whitson. He told Defendant that he was prohibited from having contact with Mr. Whitson because Mr. Whitson was a convicted sex offender and a wanted fugitive. He advised Defendant to contact law enforcement immediately if he had contact with Mr. Whitson. Officer Long said that Ms. Hall came to his office and that he specifically told her that Defendant was not to have any contact with Mr. Whitson. He explained to her that Mr. Whitson was a wanted fugitive and that she needed to call law enforcement if she located him.

- 2 -

The trial court noted that it "tried split confinement" but that did not stop Defendant "from leaving the state or having contact with someone he was told not to have contact with" or "from picking up charges in another state." The court opined that Defendant had shown that he was "either unwilling or unable to comply with conditions" of release in the community. The trial court revoked Defendant's probation and ordered him to serve the balance of his sentence in confinement. This timely appeal followed.

**Analysis**

On appeal, Defendant claims that the trial court abused its discretion by revoking his probation and ordering him to serve the balance of his sentence in confinement. Defendant argues that the trial court's decision "failed to reflect a proper application of the purposes and principles of the sentencing act." The State argues that the trial court properly exercised its discretion in fully revoking Defendant's probation. We agree with the State.

Upon a finding by a preponderance of the evidence that a defendant has violated a condition of his or her probation, a trial court may revoke probation and order the imposition of the original sentence. Tenn. Code Ann. §§ 40-35-310, -311 (2019); *State v. Kendrick*, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005) (citing *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). We will not disturb the trial court's ruling on appeal absent an abuse of discretion. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001) (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991)). To establish an abuse of discretion, a defendant must show that there is "no substantial evidence" in the record to support the trial court's determination that a violation of probation has occurred. *Id.*

In this case, Defendant admitted that he violated the conditions of his probation and stipulated to the grounds set out in the violation report affidavit. Defendant's admission that he violated the conditions of his probation, alone, constitutes substantial evidence to support the revocation of probation. *See State v. Christopher Nathaniel Richardson*, No. M2006-01060-CCA-R3-CD, 2007 WL 776876, at *4 (Tenn. Crim. App. Mar. 15, 2007), *no perm. app. filed*. The trial court's oral findings show that the court initially imposed an alternative sentence of split confinement and that Defendant violated the terms of his probation after his release from confinement. These findings support the trial court's finding that "[m]easures less restrictive than confinement" had "recently been applied unsuccessfully." Tenn. Code Ann. § 40-35-103(1)(C) (2019).

Upon finding a violation, the trial court is vested with the statutory authority to revoke probation and suspension of the sentence and "[c]ause the defendant to commence the execution of the judgment as originally entered[.]" Tenn. Code Ann. § 40-35-311(e)(1)(A) (2019). The trial court did not abuse its discretion.

- 3 -

**Conclusion**

The judgment of the trial court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE